THE DIXIE DEVELOPMENT COMPANY v. JOHN SMITH *et ux.*

No. 15,232. (93 Pac. 1132.)

OIL-AND-GAS LEASE—*Abandonment—Evidence.* In a suit to cancel an oil-and-gas lease because there had been an abandonment and forfeiture the evidence was sufficient to support a judgment for plaintiffs.

Error from Wilson district court; LEANDER STILLWELL, judge. Opinion filed December 7, 1907. Affirmed.

*P. C. Young,* for plaintiff in error.

*A. H. Ward,* for defendants in error.

*Per Curiam:* This is a suit brought by John Smith and wife against the Dixie Development Company to cancel an oil-and-gas lease which stipulated that it should continue as long as oil or gas should be produced in paying quantities by the lessee. The company, which was an assignee of the lease, sank several wells, from four of which considerable oil was at first obtained. After several months the flow of oil greatly diminished, and at the end of one and one-half years only one well was in operation, and pumping from that was finally suspended.

Then followed this suit, in which it was claimed that the lease ought to be canceled because there had been

Development Co. v. Smith.

an abandonment and forfeiture, and upon conflicting evidence a cancelation was adjudged. From the testimony it then appeared that oil was not being produced in paying quantities and that nothing better could be expected from a continuance of operation under the lease. The wells were in bad condition and their product had been turned over by the company to an operator, under an agreement that he should clean out and put the wells in good condition, but after several months it appeared that the output lacked $800 or more of paying the expense of repair and operation. The fact that the company had incurred a large indebtedness, however, is no ground for cancelation, but there was abundant testimony going to show that the operation of the wells was unprofitable. In fact the company had stated in an allegation of its answer, which was afterward stricken out, that oil could not be produced in paying quantities from the wells and that they could not be profitably operated. A good deal of testimony was also introduced, such as the neglect of the wells, the pulling out of tubing, and permitting the appliances to deteriorate and go to destruction, which indicated an intention to desert the wells and abandon the enterprise.

We have no hesitation in holding that there is sufficient testimony to sustain the judgment, and it is therefore affirmed.